FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 02, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MORIAH BEST,<br><br>      Plaintiff,<br><br>  v.<br><br>SELAH SCHOOL DISTRICT NO. 119,<br><br>      Defendant. | NO. 1:22-CV-3116-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion for Summary Judgment Re: Initial Disclosures (seeking dismissal). ECF No. 13. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the briefing, and is fully informed. For the reasons discussed below, Defendant's Motion is **GRANTED**.

//

//

ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS ~ 1

## BACKGROUND

This is an action by Plaintiff Moriah Best to recover damages from the Defendant Selah School District arising out of an incident in which Plaintiff alleges she was injured while participating in a school-sponsored activity and the District's subsequent treatment of the Plaintiff as student with a disability. Plaintiff has plead claims against the District for (1) violation of Section 504 of the Rehabilitation Act of 1983, 29 U.S.C. Sec. 794 for disability discrimination; (2) violation of the Washington Law Against Discrimination for disability discrimination; and (3) negligence. ECF No. 1.

On November 8, 2022, the Court issued an Order setting a telephonic scheduling conference for January 4, 2023. The Order required the parties to discuss the issues listed in the Order, file a combined report addressing each of the issues, and make their Rule 26(a)(1) initial disclosures at or within 14 days after their Rule 26(f) conference. The Parties were ordered to appear telephonically for the scheduling conference on January 4, 2023 at 8:15 a.m.

The Court held the telephonic scheduling hearing on January 4, 2023. Plaintiff's counsel failed to appear and has never provided an explanation. *See* ECF Nos. 11 and 12. After the hearing the Court entered a detailed Jury Trial Scheduling Order. ECF No. 12. That Order required the Parties to disclose their Fed. R. Civ. P. 26(a)(1) material no later than January 6, 2023. *Id*. at 2.

ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS ~ 2

On March 13, 2023, Defendant filed the present motion. Defendant explained that Plaintiff has failed to provide initial disclosures as ordered by the Court. Defendant inquired about the status of Plaintiff's initial disclosures and did not receive a response or any disclosures. Plaintiff has failed to respond to repeated requests for medical records. *See also* ECF No. 14 (Declaration of Rachel Platin). Plaintiff also has failed to respond to the present Motion for Summary Judgment which seeks dismissal. It is now May of 2023.

## DISCUSSION

### A. Motion for Summary Judgment seeking Dismissal

Defendant moves to dismiss. Federal Rule of Civil Procedure 41(b), provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Defendant also cites to Rule 37(c)(1) which provides that if a party fails to provide information as required by Rule 26(a) the court may impose appropriate sanctions, including dismissing the action in whole or in part. Rule 37(b)(2)(a)(v) provides for dismissal: "If a party … fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is

pending may issue further just orders … [including] dismissing the action or proceeding in whole or in part." A dismissal under Rule 37(b) must be predicated on a failure to obey a discovery order that is the result of "willfulness, bad faith, or fault." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) (internal citation omitted). To find that a party acted with "willfulness, bad faith, or fault" a court need only find that the failure to participate in discovery was "disobedient conduct not shown to be outside the control of the litigant." *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985) (internal quotation omitted).

Upon a motion to dismiss under these Rules, the district court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (Rule 41); *Wanderer v Johnson*, 910 F.2d 652, 656 (9th Cir. 1990) (Rule 37).

Here, Rule 41(b) is triggered on the independent grounds that Plaintiff failed to prosecute her claims where she has demonstrated an unwillingness to attend the Court ordered hearing and failed to respond to the present motion to dismiss. Plaintiff has also failed to comply with the Court's order to turn over Rule 26(a) discovery in early January 2023. Rule 37(b)(2)(a)(v) is similarly triggered by

Plaintiff's failure to comply with the Court's discovery order – there is no evidence that such disobedience was outside Plaintiff's control. S*ee Fjelstad*, 762 F.2d at 1341.

The Court has considered the aforementioned factors, all but one of which favor dismissal. Plaintiff's unresponsiveness and unwillingness to move forward in this action threatens both the expeditious resolution and the orderly and timely disposition of the case on the Court's docket. Likewise, Defendant is prejudiced by Plaintiff's noncompliance with the Court's discovery order and unwillingness to participate in discovery. Defendant's inability to get information from Plaintiff hinders its ability to develop any defense and properly litigate this case. While less drastic sanctions are technically available, such sanctions appear to be fruitless where Plaintiff has not participated on the docket in this matter since December 2022. The factor in favor of adjudication on the merits is outweighed by the other factors in favor of dismissal. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960-61 (9th Cir. 2006).

For these reasons, the Court finds that dismissal is appropriate under Rules 41 and 37. Therefore, Defendant's Motion seeking dismissal is granted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment Re: Initial Disclosures (seeking dismissal), ECF No. 13, is **GRANTED**.

2. The Complaint and all claims against Defendant are **DISMISSED with prejudice.**

3. All deadlines, hearings and trial are **VACATED**.

The District Court Executive is directed to enter this Order, enter judgment accordingly, provide copies to the parties, and **CLOSE** the file.

**DATED** May 2, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS ~ 6